UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD NEWMAN,<br><br>Plaintiff,<br><br>v.<br><br>WARDEB SMITH AND MONTEZ,<br><br>Defendants. | CAUSE NO. 3:26-CV-258-CCB-SJF |

**OPINION AND ORDER**

Donald Newman, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Newman alleges that his medical doctor ordered that he be provided with his regular kosher "HP" diet and an additional "HS" snack.[1] The kosher "HP" diet consists of four slices of bread, three ounces of peanut butter, and a piece of fruit. The "HS" snack consists of two slices of bread, one ounce of peanut butter, and a piece of fruit.

---

[1] Newman does not explain what "HP" or "HS" stand for.

Someone from Aramark[2] claimed that the kosher "HP" diet and the "HS" snack had been combined into one meal (the meal consisting of four slices of bread, three ounces of peanut butter, and a piece of fruit), but Newman disagrees. He asserts that his medical provider determined he needed more food, and so he should receive a total of six slices of bread, four ounces of peanut butter, and two pieces of fruit. He reports that over half the time he does not receive the "HS" snack in addition to his kosher "HP" diet.

Newman has sued Warden Smith and Miss Montez, but he has not mentioned either in the body of his complaint. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Newman has not alleged facts showing that either Warden Smith or Miss Montez were personally involved in the events described in the complaint, he has not stated a claim against them.

---

[2] Newman refers to the IDOC's food vendor as "Airmart," but that is incorrect.

Newman may have also intended to sue the Miami Correctional Facility and Aramark, but that is not entirely clear from the complaint because he indicates he is suing two defendants. To the extent he did intend to sue these defendants, he cannot proceed against them.

The Miami Correctional Facility is a building. It is not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Furthermore, a private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Newman has not alleged that the problems he is having with his diet are due to a widespread policy, custom, or practice of Aramark. Therefore, he may not proceed against Aramark.

This complaint does not state a claim for which relief can be granted. If Newman believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **LIFTS** the **STAY** placed on September 10, 2026 (ECF 16), because the amended complaint has now been screened;

(2) **GRANTS** Donald Newman until **November 13, 2026**, to file an amended complaint; and

(3) **CAUTIONS** Donald Newman if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 13, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT